## L. RODRIGUEZ *v.* THE STATE.

1. CHARGE OF THE COURT — SELF-DEFENCE. — A charge on the right of self-defence was erroneous which, ignoring appearances of danger, tested the justification by the reality of the danger which menaced the life of the defendant or threatened him with serious bodily injury. See in this case a charge held defective in this respect, and a state of proof which required a correct instruction on the subject.

2. SAME — PENALTY. — A charge must correctly state the penalty of the offence.

APPEAL from the District Court of Cameron. Tried below before the Hon. J. E. RUSSELL.

The material facts appear in the opinion.

*W. A. Crafts*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. This is an appeal from a judgment of conviction for an assault with intent to murder, the punishment being affixed at four years' imprisonment in the penitentiary.

Concisely stated, the facts in evidence are substantially

that Rendon, the assaulted party, and one Menchaca were playing cards in an alley or lane at between three and four o'clock in the morning. Rendon's mistress was there, as was also a third party; but the latter was asleep, and did not witness the difficulty. No other persons were present. Rendon had no money, and had already lost his shirt and hat upon the game when the defendant arrived, and by permission of Menchaca defendant put on the shirt and hat lost by Rendon. What subsequently occurred can perhaps best be told in the language of the witness Menchaca. He says: "The man Rendon then wanted to gamble more, and to put up his blanket against a dollar. Defendant told him (Rendon) not to be gambling off his clothing in that way; upon which Rendon jumped up and told defendant that he was 'un viejo cabron pendacho' (an old cuckold d—n fool); at that moment the woman Catarina Gomez came up to him (Rendon) and handed him a cudgel nearly three feet long and a little less in size than one's wrist, which she brought wrapped up in one end of her shawl. Rendon struck defendant with the club, holding the same in his right hand, and he dodging the blow with his head, it struck him across the side of the face. Defendant then stepped back two or three steps, Rendon advancing on him with the club in his hand; whereupon the defendant drew a knife and made two stabs at Rendon, cutting him once in the shoulder and the second time in the arm. The woman Catarina Gomez then rushed in and caught hold of the knife with her hand. Defendant gave the knife a twist and got it away from her. Rendon and the woman then fell back a few steps, when defendant made a flourish or motion with the knife towards them, when the woman and Rendon ran away toward their house," etc.

It is needless, perhaps, to remark that the statement of the circumstances as detailed by Rendon and Catarina Gomez in their testimony differs quite materially in many particulars from the above, but it is to be remembered that

this was the only other party present at the time, and, as far as we are able to determine, had no motive to tell anything but the truth. His statement as to defendant having been struck upon the face with the club is corroborated by two witnesses who saw him recently after the occurrence, and who testify to a bruise upon the cheek.

Upon this state of facts two issues were clearly raised by the defence: *first*, had death ensued, would the homicide have amounted to a higher grade of crime than manslaughter? and *second*, self-defence. "Manslaughter is voluntary homicide committed under the immediate influence of sudden passion arising from an adequate cause, but neither justified nor excused by law." Penal Code, art. 593. "The following are deemed adequate causes: *First*, An assault and battery by the deceased, causing pain or bloodshed. *Second*, A serious personal conflict in which great injury is inflicted by the person killed, by means of weapons or other instruments of violence, or by means of great superiority of personal strength, although the person guilty of the homicide were the aggressor, provided such aggression was not made with intent to bring on a conflict and for the purpose of killing." Penal Code, art. 597.

This issue was not presented and submitted in the general charge, nor by the special instruction given the jury at the instance of the defendant. It was part of the law applicable to the case as made by the evidence, and, had it been submitted and the jury have taken that view of the case, they could not have found defendant guilty of a higher offence than aggravated assault.

Upon self-defence the court charged the jury as follows: "If the jury believe from the evidence that said Rendon attacked the defendant with a stick with which he could have killed the defendant, as he used it, or have inflicted upon him great personal injury, and the life of defendant *was endangered thereby*, or that *he was in danger of great bodily harm by reason of said attack*, then the defendant

would be entitled under the law to use all necessary force to repel the attack and to protect his own person, and no more; and if he uses greater force than was necessary for his defence against the assailant, he becomes a trespasser, and is responsible for the consequences that may follow."

The defect apparent in this instruction is that it bases the right of self-defence upon the fact that the life of defendant was actually endangered, or that he was in actual danger of serious bodily injury. To justify self-defence, the law does not require the presence and existence of real, actual danger. If it is such as creates reasonable apprehension, or produces reasonable expectation or fear of death, or of some serious bodily injury, in the mind of the party affected by it, it is sufficient. Penal Code, art. 574; *May* v. *The State*, 6 Texas Ct. App. 191; *Marnoch* v. *The State*, 7 Texas Ct. App. 269.

The ninth paragraph of the charge is also erroneous. It is as follows: " If, from the evidence, you find the defendant guilty of an aggravated assault, you will assess his punishment by fine not less than one hundred nor more than one thousand dollars, or by imprisonment in the county jail for a term not less than one month nor more than two years, or by both such fine and imprisonment."

The punishment denounced for aggravated assault, by our Code, is, " by fine of not less than twenty-five nor more than one thousand dollars," and imprisonment as stated by the court. Penal Code, art. 498.

There are other errors of minor importance in the record, which it is unnecessary that we should discuss, as they are not likely to arise upon another trial.

Because the charge of the court did not submit the law applicable to the case, the judgment is reversed and cause remanded.

*Reversed and remanded.*